IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANA K. WILLIAMS, | CASE NO. 1: 12-cv-01114-LJO-BAM |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS; DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND** |
| vs. | |
| MADERA POLICE DEPARTMENT, *et al.*, | |
| Defendants. / | |

**I.   Plaintiff's Application to Proceed In Forma Pauperis**

On July 10, 2012, plaintiff Lana Williams ("Plaintiff"), appearing pro se, filed a motion to proceed in forma pauperis. (Doc. 2.)  Having reviewed the in forma pauperis application, this Court GRANTS Plaintiff's application.

**II.   Screening Requirement**

Pursuant to Title 28 of the United States Code Section 1915(e)(2), the Court has reviewed the complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof if it determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In reviewing a complaint under this standard, the Court must accept as true the well pled allegations of the complaint in question (*Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976)), construe the pro se pleadings liberally in the light most favorable to the

1  Plaintiff (*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)), and resolve all doubts in the
2  Plaintiff's favor (*Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

3  A complaint must contain "a short and plain statement of the claim showing that the pleader
4  is entitled to relief . . .." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
5  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
6  do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v.
7  Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient
8  factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at
9  1949 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal
10 conclusion are not. *Id*. at 1949.

11 A pleading may not simply allege a wrong has been committed and demand relief. The
12 underlying requirement is that a pleading give "fair notice" of the claim being asserted and the
13 "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); *Yamaguchi v. United
14 States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).

15 If the Court determines that the complaint fails to state a claim, leave to amend should be
16 granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v.
17 Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Dismissal of a pro se complaint for failure to state a
18 claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has
19 alleged and that an opportunity to amend would be futile. *Lopez*, at 1128.

20 **III.   Complaint Allegations**

21 Plaintiff brings this action against the Madera Police Department, Bank of America, City of
22 Madera, Monica M. Salters, "Mr. Salters," Daniel Evans, Tabitha Tranchant, Nicholas Tranchant and
23 Diane Tranchant (collectively referred to as the "Defendants"). Plaintiff asserts causes of action for
24 fraud, slander, harassment, trespassing, vandalism, and additionally, Plaintiff asserts claims under
25 California Civil Code §§ 52 and 52.1.[1]

26

---

27  [1] It is not clear if Plaintiff asserts each, or any, of the above-referenced causes of action. Interpreting Plaintiff's Complaint liberally, as the Court must, the Court will assume Plaintiff has pled a cause of action under each of these theories
28  of recovery.

This case arises out of a dispute between neighbors. On July 10, 2009, Plaintiff alleges the "Tranchant Party Brawl Group parked on the side of my home" and trespassed on her property. On July 11, 2009, Plaintiff alleges Daniel Evans threw eggs at her home and vehicle. Plaintiff additionally alleges that Daniel Evans and Tabitha Tranchant broke two windows in her vehicle.

On July 12, 2009, Plaintiff filed a police report regarding these incidents. Plaintiff appears to take issue with the failure of the Madera Police Department and the district attorney to prosecute these allegations.

Lastly, Plaintiff makes unrelated allegations against Bank of America. The Court cannot divine the nature of these allegations, however, they appear to discuss a failure to provide information concerning the Evans' property. Plaintiff additionally appears to complain of an unrelated short sale of unspecified property.

Based on these allegations, Plaintiff requests $10,025,770.00 in damages.

**IV.  Discussion**

For the reasons set forth below, Plaintiff has failed to state a cognizable claim for relief. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order.

**A.  Plaintiff's Complaint Fails to Comply With Rule 8**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . .." Fed. R. Civ. P. 8(a)(2). A pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103 (1957); *Yamaguchi v. United States Department of AirForce*, 109 F.3d 1475, 1481(9th Cir. 1997). Although a complaint need not outline all elements of a claim, "[i]t must be possible ... for an inference to be drawn that these elements exist." *Walker v. South Central Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Lewis v. ACB Business Service, Inc*., 135 F.3d 389, 405-406 (6th Cir. 1998). A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

1  Plaintiff's Complaint is unintelligible. Generally, the Court is lenient and liberally construes
2  pro se pleadings. Plaintiff's Complaint, however, is replete with non-sequiturs bearing no clear
3  relationship to each other. Nowhere does Plaintiff assert identifiable causes of action or make
4  coherent factual allegations that could give rise to a valid cause of action. Accordingly, Plaintiff's
5  Complaint fails to provide "fair notice" of the claims being asserted and the "grounds upon which
6  [they] rest." *Yamaguchi,* 109 F.3d at 1481.

   **B.     Jurisdiction**

   In order to state a claim in a United States District Court, Plaintiff must establish federal jurisdiction. Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases in which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins*. Co., 511 U.S. 375, 114 S.Ct. 1673, 1677 (1994). Generally, these cases involve diversity of citizenship (in which the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states), or a federal question, or to which the United States is a party. 28 U.S.C. §§ 1331 and 1332; *See also, Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L. Ed. 2d 391 (1994); *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 2008, 104 L. Ed. 2d 593 (1989).

   Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377; 114 S.Ct. at 1677. Lack of subject matter jurisdiction is never waived and may be raised by the court sua sponte. *Attorneys Trust v. Videotape Computer Products*, Inc., 93 F.3d 593, 594-595 (9th Cir. 1996). "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir.1988).

   Here, Plaintiff has failed to establish that federal jurisdiction exists as the United States is not a party in this action and no federal question is presented. Similarly, the complaint does not allege that the parties are citizens of different states.

**C.     Plaintiff Improperly Brings Unrelated Claims Against Unrelated Parties**

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America*, 623 F.3d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party. Plaintiffs will not be permitted to proceed with a "mishmash of a complaint," *George*, 507 F.3d at 607.

Plaintiff's claims against the various Defendants do not stem from the same transaction or occurrence, or otherwise present common questions of law and fact. Plaintiff's claims against Bank of America have no legal or factual relationship to Plaintiff's claims against the other defendants. Further, Plaintiff's claims against the Madera defendants have no legal relation to Plaintiff's claims against the individual defendants. Plaintiff's "mishmash of a complaint," as it is currently pled, can not be permitted to proceed. *George*, 507 F.3d at 607.

**D.     Statute of Limitations**

To the extent the Court can ascertain the nature of Plaintiff's claims, many appear to be barred by applicable statutes of limitations.[2] A cause of action for slander is governed by a one-year statute of limitations. Cal. Code Civ. P. § 340(c). Additionally, Plaintiff claims to have suffered damages as the result of a violation of her civil rights as set forth in California Civil Code §§ 51.7, 52 and 52.1. The statute of limitations which applies to such claims is that which applies to actions for personal injury. *W. Shield Investigations & Sec. Consultants v. Superior Court,* 82 Cal. App. 4th 935, 951) (2000). In California, the statute of limitations for personal injury claims is two years.

---

[2] While Plaintiff has filed to articulate a claim for fraud or trespass under Rule 8 standards, based on the dates Plaintiff has provided, Plaintiff's fraud and trespass claims have been brought within the applicable statutes of limitations. *See,* Cal. Code Civ. P. § 338 (b) & (d).

5

California Code of Civil Procedure § 335.1.

Plaintiff makes clear that the events complained of took place on July 11, 2009, August 22, 2009, and May 14, 2010. Plaintiff's Complaint was filed on July 10, 2012. Even if Plaintiff's Complaint otherwise stated a claim, those claims expired on May 14, 2012.

## CONCLUSION

For the reasons set forth above, the Court Orders as follows:

1. The Court GRANTS Plaintiff's in forma pauperis application; and
2. The Court DISMISSES Plaintiff's Complaint WITH LEAVE TO AMEND. Plaintiff SHALL file an amended complaint within twenty (20) days of the date of service of this Order. If Plaintiff fails to file an amended complaint in compliance with this Order, this action will be dismissed WITH PREJUDICE, for failure to state a claim.

IT IS SO ORDERED.

Dated:   July 25, 2012                        /s/ **Barbara A. McAuliffe**
                                             UNITED STATES MAGISTRATE JUDGE