1

2

3

4          **IN THE UNITED STATES DISTRICT COURT**

5          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

6

7    LANA K. WILLIAMS,                          CASE NO. 1: 12-cv-01114-LJO-BAM

8              Plaintiff,                       **FINDINGS & RECOMMENDATIONS**
                                                **DISMISSING PLAINTIFF'S FIRST**
9                                               **AMENDED COMPLAINT**

10        vs.

11

12   MADERA POLICE DEPARTMENT, *et al.*,

13             Defendants.

14   _____/

15   **I.      Screening Requirement**

16        Currently before the Court is Plaintiff Lana K. Williams' ("Plaintiff") amended complaint,

17   filed October 12, 2012.  (Doc. 9.)  Pursuant to Title 28 of the United States Code Section 1915(e)(2),

18   the Court has reviewed the complaint for sufficiency to state a claim.  The court must dismiss a

19   complaint or portion thereof if it determines that the action is legally "frivolous or malicious," fails

20   to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

21   immune from such relief.  28 U.S.C. § 1915(e)(2).  In reviewing a complaint under this standard, the

22   Court must accept as true the well pled allegations of the complaint in question (*Hospital Bldg. Co.*

23   *v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976)), construe the pro se pleadings liberally in the

24   light most favorable to the Plaintiff (*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)), and

25   resolve all doubts in the Plaintiff's favor (*Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

26        A complaint must contain "a short and plain statement of the claim showing that the pleader

27   is entitled to relief . . .."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

28   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

1

1    do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v.*

2    *Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient

3    factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at

4    1949 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal

5    conclusion are not.  *Id.* at 1949.

6         A pleading may not simply allege a wrong has been committed and demand relief.  The

7    underlying requirement is that a pleading give "fair notice" of the claim being asserted and the

8    "grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); *Yamaguchi v. United*

9    *States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).

10        If the Court determines that the complaint fails to state a claim, leave to amend should be

11   granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v.*

12   *Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Dismissal of a pro se complaint for failure to state a

13   claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has

14   alleged and that an opportunity to amend would be futile.  *Lopez*, 203 F.3d at 1128.

15   **II.    Background**

16        Plaintiff initiated this action by filing a complaint in this Court on July 10, 2012.  (Doc. 1.)

17   Plaintiff brings this action against the Madera Police Department, Bank of America, City of Madera,

18   Monica M. Salters, "Mr. Salters," Daniel Evans, Tabitha Tranchant, Nicholas Tranchant and Diane

19   Tranchant (collectively referred to as the "Defendants").

20        This case arises out of a dispute between neighbors.  Based on the Court's understanding of

21   Plaintiff's allegations, Plaintiff alleges her neighbors, Daniel Evans and the "Tranchant" individuals,

22   vandalized Plaintiff's property, and the other named Defendants in some way failed to properly

23   respond to Plaintiff's concerns.  (Doc. 9.)  Plaintiff asserts causes of action for property damage,

24   fraud, personal injury.  *Id.*

25        On July 26, 2012, the Court dismissed Plaintiff's complaint with leave to amend pursuant to

26   28 U.S.C. § 1915(e)(2) for failure to state a claim.  (Doc. 5.)  Specifically, the Court noted that

27   Plaintiff's Complaint was unintelligible, and failed to assert identifiable causes of action or make

28   coherent factual allegations that could give rise to a plausible cause of action.  The Court additionally

1   noted that Plaintiff had failed to establish federal jurisdiction existed.  Lastly, the Court noted the

2   various allegations against the Defendants bore no factual or legal relationship to one another.  The

3   Court cautioned Plaintiff that failure to file an amended complaint addressing these deficiencies

4   would result in dismissal of Plaintiff's claims without leave to amend.  (Doc. 5, 6: 8-10.)

5          Plaintiff filed her amended complaint on October 12, 2012.  (Doc. 9.)  Discussed in greater

6   detail below, Plaintiff's First Amended Complaint fails to provide the information required by the

7   Court's previous Order.  Because "it is obvious that the Plaintiff cannot prevail on the facts that [s]he

8   has alleged and that an opportunity to amend would be futile[,]" Plaintiff's claims will be dismissed

9   without leave to amend.  *Lopez*, 203 F.3d at 1128.

10  **III.    Discussion** internalize

11         **A.      Plaintiff's Complaint Fails to Comply With Rule 8**

12         A complaint must contain "a short and plain statement of the claim showing that the pleader

13  is entitled to relief . . .."  Fed. R. Civ. P. 8(a)(2).  A pleading may not simply allege a wrong has been

14  committed and demand relief.  The underlying requirement is that a pleading give "fair notice" of the

15  claim being asserted and the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48, 78

16  S.Ct. 99, 103 (1957); *Yamaguchi v. United States Department of AirForce*, 109 F.3d 1475, 1481(9th

17  Cir. 1997).  Although a complaint need not outline all elements of a claim, "[i]t must be possible ...

18  for an inference to be drawn that these elements exist." *Walker v. South Central Bell Telephone Co.*,

19  904 F.2d 275, 277 (5th Cir. 1990); *Lewis v. ACB Business Service, Inc.*, 135 F.3d 389, 405-406 (6th

20  Cir. 1998).  A plaintiff must allege with at least some degree of particularity overt facts which

21  defendant engaged in to support plaintiff's claim. *Jones v. Community Redev. Agency*, 733 F.2d 646,

22  649 (9th Cir. 1984).

23         The claims in Plaintiff's First Amended Complaint are unintelligible.   Plaintiff's Complaint

24  is replete with non-sequiturs bearing no clear relationship to each other.  For example, the entirety of

25  Plaintiff's fraud allegations read as follows:

26         II.     Fraud
        4.      Name of Each Defendants Liability Policies.
27         5.      Evans Stated of Tranchant "He Told Me Not To Worry About it."
        6.      These tenants have committed a crime.  Even in a graffiti vandalism there is
28              restitution.

(Pl.'s Amend. Compl., 2: 4-9, Doc. 9.)  Similarly, Plaintiff's personal injury allegations are equally unintelligible.

>    III.    Personal Injury
>    7.    The personal attacks continued into November 2011.  Also trespassing - Daniel Evans and Tabitha Tranchant.
>    8.    Correction.  D.N. Teller Vehicle edged only.  His insurance covers above deductible.  150.  Detailed 110.00.
>    9.    Other vehicles base ball batted windows.
>    10.    Tenants at 125 N.L. vacated within 24 hours of being served.
>    11.    U.S. Post office said tenants mail is forwarded.
>    12.    Post script.  Arthure Gonzales - Attorney filed his police case at Eastern District.

(Pl.'s Amend. Compl., 2: 10-19, Doc. 9.)

Nowhere does Plaintiff assert coherent factual allegations that could give rise to a valid cause of action.  Indeed, Plaintiff's Amended Complaint presents even fewer factual allegations than her original complaint, which the Court found did not "provide 'fair notice' of the claims being asserted and the 'grounds upon which [they] rest." (Doc. 5, 4: 1-6.) (Citations omitted.)

Generally, the Court is lenient and liberally construes pro se pleadings.  However, even an attenuated reading of Plaintiff's First Amended Complaint does not allow the Court to divine the nature of Plaintiff's allegations, her theories for recovery, or how the various Defendants are each responsible under her legal theories. Accordingly, Plaintiff's Amended Complaint fails to provide "fair notice" of the claims being asserted and the "grounds upon which [they] rest." *Yamaguchi,* 109 F.3d at 1481.

**B.    Jurisdiction**

In order to state a claim in a United States District Court, Plaintiff must establish federal jurisdiction.  Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases in which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins*. Co., 511 U.S. 375, 114 S.Ct. 1673, 1677 (1994).  Generally, these cases involve diversity of citizenship (in which the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states), or a federal question, or to which the United States is a party. 28 U.S.C. §§ 1331 and 1332; *See also, Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L. Ed.

4

2d 391 (1994); *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 2008, 104 L. Ed. 2d 593 (1989).

Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377; 114 S.Ct. at 1677.  Lack of subject matter jurisdiction is never waived and may be raised by the court sua sponte*. Attorneys Trust v. Videotape Computer Products*, Inc., 93 F.3d 593, 594-595 (9th Cir. 1996). "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir.1988).

In the Court's Order dismissing Plaintiff's Complaint with leave to amend, the Court specifically noted that "Plaintiff has failed to establish that federal jurisdiction exists as the United States is not a party in this action and no federal question is presented. Similarly, the complaint does not allege that the parties are citizens of different states." (Doc. 5, 4: 25-27.)  Plaintiff's First Amended Complaint has failed to cure these deficiencies.  The United States is not a party to this action.  Plaintiff's First Amended Complaint does not present any federal questions, nor does it identify the citizenship of the various parties.  Therefore, the Court lacks jurisdiction over Plaintiff's claims.

**C.     Plaintiff Improperly Brings Unrelated Claims Against Unrelated Parties**

Plaintiff may not bring unrelated claims against unrelated parties in a single action.  Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact.  Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America*, 623 F.3d 1371, 1375 (9th Cir. 1980).  Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.  Plaintiffs will not be permitted to proceed with a "mishmash of a complaint," *George*, 507 F.3d at 607.

In the Court's Order dismissing Plaintiff's complaint with leave to amend, the Court specifically noted that

> Plaintiff's claims against the various Defendants do not stem from the same transaction or occurrence, or otherwise present common questions of law and fact. Plaintiff's claims against Bank of America have no legal or factual relationship to Plaintiff's claims against the other defendants. Further, Plaintiff's claims against the Madera defendants have no legal relation to Plaintiff's claims against the individual defendants. Plaintiff's "mishmash of a complaint," as it is currently pled, can not be permitted to proceed.

(Doc. 5, 5: 12-17.)

Plaintiff has failed to cure these deficiencies. Not a single claim against Bank of America is made in the Amended Complaint. No alleged wrongs are alleged to have been committed by the Madera Police Department. Reading the Amended Complaint as a whole, it is completely unclear why any individual or entity other than the two individuals alleged to have vandalized Plaintiff's property are named as Defendants in this action. Therefore, the unrelated claims and parties can not be properly joined under Rules 18(a) and 20(a)(2).

## CONCLUSION

For the reasons set forth above, the Court RECOMMENDS as follows:

1.      The Court DISMISSES Plaintiff's Complaint WITHOUT LEAVE TO AMEND;

2.      Defendant's Motion to Dismiss is DENIED as Moot.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fifteen (15) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __November 6, 2012__            _____/s/ Barbara A. McAuliffe_____
                                                                    UNITED STATES MAGISTRATE JUDGE