IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANA K. WILLIAMS, | CASE NO. 1: 12-cv-01114-LJO-BAM |
| Plaintiff, | **ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS ON APPEAL** |
| vs. | |
| MADERA POLICE DEPARTMENT, *et al.*, | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Lana Williams ("Plaintiff") is proceeding pro se and in forma pauperis in this civil action. On November 27, 2012, the Court dismissed Plaintiff's amended complaint without leave to amend for Plaintiff's failure to state a cognizable claim. (Doc. 15.) Plaintiff filed a notice of appeal on December 26, 2012 (Doc. 17), and the Ninth Circuit requested the Court determine "whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith." (Doc. 20) (citing 28 U.S.C. § 1915(a)(3); *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir.2002)). For the following reasons, the Court certifies Plaintiff's appeal is frivolous, and her in forma pauperis status is REVOKED.

/././

## II.   FACTUAL & PROCEDURAL BACKGROUND

Plaintiff brings this action against the Madera Police Department, Bank of America, City of Madera, Monica M. Salters, "Mr. Salters," Daniel Evans, Tabitha Tranchant, Nicholas Tranchant and Diane Tranchant (collectively referred to as the "Defendants").  Plaintiff's First Amended Complaint asserts causes of action for property damage, fraud and personal injury.

This case arises out of a dispute between neighbors.  Plaintiff's original complaint alleged that the "Tranchant Party Brawl Group parked on the side of my home" and trespassed on her property.  (Doc. 1.)  Plaintiff alleged that Daniel Evans threw eggs at her home and vehicle, as well as broke her car windows.  *Id.*  On July 12, 2009, Plaintiff filed a police report regarding these incidents.  Plaintiff appeared to take issue with the failure of the Madera Police Department and the district attorney to prosecute these allegations.[1]

On July 26, 2012, the Court dismissed Plaintiff's complaint for failure to state a claim.  (Doc. 5.)  Specifically, the Court stated that

> Plaintiff's Complaint is unintelligible. Generally, the Court is lenient and liberally construes pro se pleadings.  Plaintiff's Complaint, however, is replete with non-sequiturs bearing no clear relationship to each other. Nowhere does Plaintiff assert identifiable causes of action or make coherent factual allegations that could give rise to a valid cause of action.  Accordingly, Plaintiff's Complaint fails to provide "fair notice" of the claims being asserted and the "grounds upon which [they] rest." *Yamaguchi,* 109 F.3d at 1481.

(Doc. 5, 4: 1-6.)  The Court also noted that "Plaintiff has failed to establish that federal jurisdiction exists as the United States is not a party in this action and no federal question is presented. Similarly, the complaint does not allege that the parties are citizens of different states." *Id.* at 4: 25-27. Lastly, the Court stated that Plaintiff's Complaint improperly brought unrelated claims against unrelated parties. *Id.* at 5: 2-17.  The Court afforded Plaintiff the opportunity to amend her complaint and cure the deficiencies described above.  The Court cautioned Plaintiff that failure to file an amended complaint addressing these deficiencies would result in dismissal of Plaintiff's claims without leave to amend.  (Doc. 5, 6: 8-10.)

---

[1] Plaintiff also made unrelated allegations against Bank of America.  The Court, however, could not divine the nature of these allegations.

2

Case 1:12-cv-01114-LJO-BAM   Document 21   Filed 01/09/13   Page 3 of 5

Plaintiff filed her First Amended Complaint on October 12, 2012.  (Doc. 9.)  The First Amended Complaint, however, remained unintelligible, and indeed, contained fewer factual allegations that her original complaint. *See generally,* Doc. 9.  For example, the entirety of Plaintiff's fraud allegations read as follows:

> II. Fraud
> 4. Name of Each Defendants Liability Policies.
> 5. Evans Stated of Tranchant "He Told Me Not To Worry About it."
> 6. These tenants have committed a crime. Even in a graffiti vandalism there is restitution.

(Pl.'s Amend. Compl., 2: 4-9, Doc. 9.) Similarly, Plaintiff's personal injury allegations are equally unintelligible:

> III. Personal Injury
> 7. The personal attacks continued into November 2011. Also trespassing - Daniel Evans and Tabitha Tranchant.
> 8. Correction. D.N. Teller Vehicle edged only. His insurance covers above deductible. 150. Detailed 110.00.
> 9. Other vehicles base ball batted windows.
> 10. Tenants at 125 N.L. vacated within 24 hours of being served.
> 11. U.S. Post office said tenants mail is forwarded.
> 12. Post script. Arthure Gonzales - Attorney filed his police case at Eastern District.

(Pl.'s Amend. Compl., 2: 10-19, Doc. 9.)  Moreover, Plaintiff did not make any allegations to support a claim for personal injury.

The Court held that "even an attenuated reading of Plaintiff's First Amended Complaint does not allow the Court to divine the nature of Plaintiff's allegations, her theories for recovery, or how the various Defendants are each responsible under her legal theories." (Doc. 13, 4: 14-19.) Moreover, Plaintiff failed to address the Court's concerns regarding the lack of subject matter jurisdiction and Plaintiff's unrelated claims against unrelated parties.  *Id.* at 5: 10-17; 6: 8-13.  The Court determined Plaintiff could not prevail on the facts she had alleged and additional amendment would be futile, thus, dismissed her complaint without leave to amend.  (Doc. 13.)

/././


### III.   DISCUSSION

Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." "Not taken in good faith" means "frivolous." *See Ellis v. United States*, 356 U.S. 674, 674–75, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1958); *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir.1977) (indigent appellant permitted to proceed IFP on appeal only if appeal would not be frivolous).  For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).  This determination requires an inquiry into the merits of the appeal, but does not require that probable success be demonstrated, only "whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).' " *Jones v. Frank*, 622 F.Supp. 1119, 1120 (D.C. Tex.1985) (citing *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L. Ed. 2d 493 (1967)).

Plaintiff's claims, as well as her appeal, have no arguable basis in law or fact.  Plaintiff's appeal, therefore, is frivolous.  First, there is no substance to Plaintiff's First Amended Complaint. There are no factual allegations that could give rise to a cause of action for fraud, personal injury or property damage.[2]  As the Magistrate Judge observed, Plaintiff's First Amended Complaint is a series of non-sequiturs that do not permit the Court to ascertain the nature of Plaintiff's allegations, her theories for recovery, or how each of the Defendants are responsible under her legal theories. Second, Plaintiff failed to identify the Court's basis for subject matter jurisdiction.  Plaintiff does not allege any claims against the United States, nor are any federal questions present.  Moreover, Plaintiff has twice failed to articulate a basis for diversity jurisdiction.[3]

Significantly, Plaintiff he was given the opportunity to amend her complaint prior to the Court's dismissal of the action. Plaintiff's First Amended Complaint suffered from greater

---

[2] Arguably, Plaintiff articulated sufficient facts to state a claim for property damage in her original complaint. However, Plaintiff omitted any factual information concerning this claim in her First Amended Complaint, which is the operative pleading.  Moreover, even if Plaintiff had re-pled those facts, Plaintiff failed to articulate the Court's jurisdictional basis to entertain such a claim.

[3] Even assuming the amount in controversy requirement was met, because this is a dispute between neighbors, Plaintiff could not allege complete diversity of citizenship.

1  deficiencies than her original complaint.  Where it is obvious the plaintiff cannot prevail on the facts
2  alleged and further amendments would be futile, dismissal for failure to state a claim is proper.
3  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Ci r.2000).  Accordingly, Plaintiff's appeal is frivolous,
4  and her in forma pauperis status should be revoked.

## CONCLUSION

As discussed above, Plaintiff failed to state cognizable claims upon which relief could be granted by the Court. Plaintiff's appeal is frivolous because it "lacks any arguable basis in law or fact." *See Neitzke*, 490 U.S. at 325. Thus, the Court certifies that Plaintiff's appeal is frivolous and not taken in good faith.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's in forma pauperis status is REVOKED;
2. The Clerk of Court is DIRECTED to notify the Ninth Circuit Court of Appeals that the Court certifies, pursuant to Rule 24(a) (3)(A) of the Federal Rules of Appellate Procedure, that Plaintiff's appeal is frivolous and not taken in good faith.

IT IS SO ORDERED.

Dated:   **January 8, 2013**            /s/  Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE